FILED
SUPERIOR COURT
OF GUAM

2019 FEB -4 PM 4 26

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| HELEN M. HAMLING,<br><br>                Plaintiff,<br><br>    vs.<br><br>JESSE C. IGLESIAS,<br><br>             Defendant. | **Superior Court Case No. CS0012-18**<br><br>**DECISION AND ORDER**<br>**re**<br>**OBJECTION TO HEARING OFFICER'S**<br>**RECOMMENDATION DENYING**<br>**DEFENDANT'S MOTION TO MODIFY**<br>**CHILD SUPPORT AMOUNT** |

The Court here reviews Defendant Jesse C. Iglesias' Objection to the Child Support Hearing Officer's Recommendation denying Iglesias' requested modification to the temporary child support amount. Finding no error in the Hearing Officer's analysis, the Court OVERRULES the Objection and AFFIRMS the Hearing Officer's November 19, 2018 Recommended Findings and Order.

### I. PROCEDURAL BACKGROUND

The OAG initiated this child support case with the filing of a Complaint. The OAG then submitted a Child Support Worksheet, which noted that Iglesias held a monthly gross income of $9,213.17 and calculating his share of child support as $1,346.13. Upon confirmation of Iglesias' paternity, the Hearing Officer ordered that Iglesias pay child support in the monthly amount of $1,300.00 "unless this order is modified by the court." Findings and Order Re: Temporary Child Support (June 18, 2018). The Order further notified Iglesias of his right to

ORIGINAL

request that the OAG review this amount three years after the date of the Order or at an earlier date if circumstances materially and substantially changed before that time. Findings at 2.

A month later, Iglesias moved to modify the ordered temporary child support. Iglesias represented that he recently retired "and now has a much lower income." Mot. Modify Child Support at 3 (July 16, 2018). Iglesias proposed that his child support amount be reduced to $131.60. The OAG's Opposition pointed to the possibility that Defendant voluntarily resigned for income calculation purposes, and that his motion presented incomplete income calculations. Iglesias replied that he was determined to be medically disabled, which was a reasonable cause of unemployment; that he was unable to maintain his full-time employment at DOE; and that he was entitled to custody. Reply at 4-5 (Aug. 20, 2018).

The Hearing Officer heard the motion on October 10, 2018, and from the bench, denied it. The Hearing Officer then issued a Recommended Findings and Order which recognized that the Court set *initial* child support at $1,300.00. The Hearing Officer concluded that Iglesias voluntarily retired in order to reduce his child support obligation because he worked with his disability for months before the Hearing Officer imposed the initial child support and because he had not submitted medical information indicating he was compelled to retire. Rec. Findings and Order at 2-4 (Nov. 19, 2018). The Hearing Officer also pointed out that Iglesias submitted incomplete income information. Rec. Findings and Order at 4. Finally, noting that a "ninety percent reduction in Child Support restricts the child from educational, extracurricular, and other opportunities that she would have had when she was conceived," the Hearing Officer discredited Iglesias' basis for retirement and determined that "the parent retired the moment that he learned he had a child." Rec. Findings and Order at 3.

## II.    LAW AND DISCUSSION

ORIGINAL

As a preliminary matter, the Court notes that "the Legislature created the position of family court Hearing Officer for the purpose of expediting the process of determining child support" and "the principal purpose of the [Judicial Hearings Division] is to provide a speedy and efficient legal process in child support cases." *Lamb v. Hoffman*, 2008 Guam 2 ¶ 41; 19 G.C.A. § 5502. In reviewing a Referee or Hearing Officer's findings, this Court must "make a good faith effort to supervise the Hearing Officer and correct any obvious errors" while relying on "the competency and experience" of the officer. *Lamb*, 2008 Guam 2 ¶¶ 41-42. "If [this Court] is sufficiently confident in the findings of the Referee, [it] may simply accept the Hearing Officer's conclusions with minimal comment." Id. ¶ 42. Similarly, this Court "need not conduct an in-depth review of the Hearing Officer's recommendation before ratification." *Palomo v. Manglona*, 2012 Guam 18 ¶ 23.

On the record before it, the Court finds no reason to question the Hearing Officer's decision. She found that Iglesias' position lacked critical information to support a modification: medical information that prompted his retirement months after he worked for several months with his disability, or reliable income records.

The Hearing Officer also utilized the proper test under *Leon Guerrero v. Moylan*, 2002 Guam 18, in determining whether Iglesias voluntarily retired. Iglesias protests that the Hearing Officer conducted no inquiry and made no finding to justify upholding the initial child support amount. However, the Hearing Officer had already imposed the $1,300.00 based on actual income records. For the modification, Iglesias had the burden of producing reliable income records, but failed to do so. Combined with the lack of information on his motive for retirement, the Hearing Officer properly utilized her discretion under the *Moylan* balancing test to determine that the retirement was voluntary and unreasonable.

ORIGINAL

Finally, the Court notes that the ordered child support is temporary, pending a final resolution of the parties' custody dispute (DM0381-18). Iglesias has further opportunities to provide the missing information before the issuance of a final child support order.

## III.     CONCLUSION

Finding no obvious errors in the Hearing Officer's analysis, the Court OVERRULES Iglesias' Objection and AFFIRMS the Hearing Officer's Recommended Findings and Order.

SO ORDERED this 4th day of February 2019.

_____
HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:  AG C.

C. Vander del, C. Baulos

Date: 2/4/19  Time: 4:30pm

_____
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Assistant Attorney General George Valdez for the Office of the Attorney General
Curtis Van de veld, Esq., for Plaintiff Helen Hamling
Carol Baulos, Esq., Law Offices of Gumataotao & Pole, P.C., for Defendant Jesse C. Iglesias

ORIGINAL